**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3536-19

TOWNSHIP OF WEST
CALDWELL,

 Plaintiff-Appellant,

v.

CARANT LIMITED
PARTNERSHIP, and ESSEX
COUNTY CONSTRUCTION
BOARD OF APPEALS,

 Defendants-Respondents.

_____

Submitted March 3, 2021 – Decided April 16, 2021

Before Judges Fuentes, Whipple, and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-8796-19.

Antonelli Kantor, PC, attorneys for appellant (Daniel Antonelli, of counsel and on the briefs; Lori D. Reynolds and Daniel H. Kline, on the briefs).

McKirdy, Riskin, Olson & Della Pelle, PC, attorneys for respondent Carant Limited Partnership (Richard P. DeAngelis, of counsel and on the brief).

Courtney M. Gaccione, Essex County Counsel, attorney for respondent Essex County Construction Board of Appeals (Thomas M. Bachman, Assistant Essex County Counsel, of counsel and on the brief).

PER CURIAM

Plaintiff, Township of West Caldwell (Township), appeals from an April 21, 2020 Law Division order, which finalized a February 19, 2020 order denying its request for relief. The February 19 order allowed the Essex County Construction Board of Appeals (Essex Board) to transfer defendant, Carant Limited Partnership's (Carant), appeal to the Passaic County Construction Board of Appeals (Passaic Board). That order was based on a lack of quorum, as defined in N.J.A.C. 5:23A-2.2(c), after two Essex Board members recused themselves from participating in the appeal. We reverse.

In July 2013, the West Caldwell Planning Board approved Carant's land use application to construct a new 24,170-square-foot building. The Township and Carant had a "Developer's Agreement" pertaining to the application. Per this agreement, Carant had to meet certain conditions before the Township would issue construction permits. In July 2017, a Township construction official, Robert McLoughlin, denied Carant's permit for development. The denial explanation stated that Carant failed to meet prior approvals because it

"deposited undocumented asphalt millings as fill on the site," and any fill placed on site must be "tested and certified to be free of contaminants."

Carant filed an appeal to the Essex Board. On November 21, 2017, the Essex Board issued a resolution upholding the Township's denial of Carant's permit on January 9, 2018. During this time, McLoughlin, who had denied Carant's permit, became an acting member of the Essex Board and thus recused himself from acting in respect to the Township-Carant matter, pursuant to N.J.A.C. 5:23A-1.5(d).

Because the asphalt fill's compliance was at issue, Carant engaged a site remediation professional, William Canavan of HydroEnvironmental Solutions, Inc. Canavan tested the millings, and reported no soil contamination, or threat to human health and the environment. Carant sent a letter to the Township on April 18, 2018, attaching Canavan's report. Asserting that there was no threat to public health or the environment, Carant again requested the Township issue the permits. When the Township declined in May, it told Carant it would have to review the milling contamination report with its own expert and that Carant's Soil Erosion Control Certification expired in 2017. Accordingly, Carant submitted an updated Soil Erosion Control Certification in September. Carant also requested that the Township's construction official take action on its permit

3

application and warned that refusal to do so would result in another appeal to the Essex Board.

On October 22, 2018, Carant again appealed the Township's denial of the construction permits to the Essex Board. A second hearing was held before a five-member Essex Board on December 18, 2018. At that hearing, McLoughlin, now a member of the Essex Board, recused himself but appeared as a witness in his capacity as the construction official of the Township.

Carant argues that during the hearing, McLoughlin was unable to articulate what was necessary for the permit application to be approved. This led the Essex Board to issue a January 22, 2019 resolution, which required the Township to provide Carant with a written list of all necessary approvals needed for issuance of the requested permits.

On January 17, 2019, the Township provided the list of necessary approvals required for issuance of permits. Carant wrote in response, addressing each requirement and asserting that no further approvals were necessary for it to receive permits. In March 2019, the Township wrote to Carant, again denying Carant's permit request, and dismissing Carant's responses regarding the safety of the milled asphalt fill.

4

On March 27, 2019, Carant filed a third appeal with the Essex Board. In its letter, Carant requested the Essex Board transfer its appeal to an entirely different county construction board of appeals, due to a new conflict of interest within the Essex Board. The conflict arose because, although McLoughlin recused himself as a member of the Essex Board, he still appeared as a witness in front of his fellow board members. In response to this transfer request, the chairman of the Essex Board unilaterally transferred the appeal to the Passaic Board.

On April 19, the Township sent a letter to the Passaic Board objecting to the transfer, arguing that Carant's appeal must be heard in the Law Division. Five days later, the Passaic Board accepted the appeal referral based on a potential conflict of interest, and it asserted that it had jurisdiction to hear the appeal. The Passaic Board determined it had jurisdiction because the Essex Board's resolutions of January 9, 2018, and January 22, 2019, were not final decisions of Carant's appeal. A hearing was scheduled with the Passaic Board for May 16, 2019.

Before the May hearing, in response to the transfer, the Township filed an order to show cause and verified complaint in Essex County Superior Court, Law Division (OTSC I). The order sought to enjoin the Passaic Board from

5

hearing Carant's appeal based on lack of jurisdiction, and the Township argued there was no conflict of interest with the Essex Board.

On June 10, 2019, the court granted the Township's request for a preliminary injunction and remanded the matter to the Essex Board to determine whether a conflict of interest existed and whether a transfer to another county was warranted. The court decided the Essex Board could only transfer Carant's appeal upon the determination that a disqualifying conflict existed.

During the OTSC I hearing, the court concluded, as a matter of law, construction boards of appeals are quasi-judicial bodies, and thus have the discretion, similar to judicial officers, to avoid appearances of impropriety and to ensure public confidence in board proceedings. The court cited Kane Properties, LLC v. City of Hoboken, 214 N.J. 199, 213, 220-23 (2013), and N.J.A.C. 5:23A-1.5, which the court explained "sets . . . a minimum standard for resolving a conflict situation." Specifically, the trial court found McLoughlin was required to recuse himself, even though doing so did not rectify the situation.

On June 25, 2019, the Essex Board conducted a hearing and found that no appearance of disqualifying conflict existed that would warrant transfer of the appeal. Carant did not appeal the Essex Board's decision. On July 5, 2019, the

6

trial court permanently restrained the Passaic Board from hearing Carant's appeal and ordered that Carant's appeal be heard by the Essex Board.

At the next hearing in July 2019, four Essex Board members heard Carant's appeal. Two members, including McLoughlin, recused themselves due to conflicts. Carant raised no objection during the meeting, nor did it request an adjournment of the hearing despite not having a full five-member board present. Carant claimed it did not seek judicial review of the Essex Board's decision to retain jurisdiction because "its conflict claim was preserved and could be raised on appeal to the Superior Court . . . ." During this hearing, testimony was taken, but not completed, and the Essex Board chose to adjourn to September amid concerns about time and vacations. The remainder of Carant's appeal was scheduled to continue on September 10, 2019.

At the September Essex Board meeting, again, only four members were available to hear Carant's appeal. Carant sought to adjourn the hearing because of the inability to be heard by a five-member board, and the appeal was rescheduled to October 15, 2019. Carant also renewed its request to transfer the appeal to another county due to the conflicts. The Essex Board reserved on the transfer request and carried the matter to its next meeting.

A-3536-19

In October, only a three-member Essex Board was available to hear Carant's appeal. Carant again refused to have the matter heard by less than a full five-member board and requested to transfer the appeal to another county construction board of appeals. The Essex Board approved the transfer of Carant's appeal.

The Township objected to the transfer because the Essex Board had already taken testimony in this matter. Nonetheless, the Essex Board transferred Carant's appeal out of concern for the ongoing difficulty of assembling five of its members to hear the appeal, in light of the continuing recusal of two of its members, and the length of time for which the matter had been pending. In its resolution following the October meeting, the Essex Board unanimously transferred the appeal to another county construction board of appeals, with a preference for the Morris County Construction Board of Appeals (Morris Board).

Before Carant's appeal could be heard, the Morris Board cited an existing conflict and referred the appeal back to the Essex Board. In a November 21, 2019 email, Carant and the Essex Board expressed shared plans to transfer the matter to another county construction board of appeals. The Essex Board

informed Carant that the Bergen County Construction Board of Appeals (Bergen Board) agreed to hear the appeal.

On December 2, 2019, the Township filed a second order to show cause and verified complaint in the Law Division (OTSC II), seeking a stay of further appeals, and to enjoin any further transfer of Carant's appeal. Ostensibly, upon learning of the Township's lawsuit, the Bergen Board put off consideration of Carant's appeal until after the court heard the Township's complaint under OTSC II. Carant and the Essex Board opposed OTSC II, which was heard before the court on February 5, 2020. The judge found that the Essex Board's inability to have five members present was due to the recusal of the two conflict-affected members, and he found "there is consider[able] doubt about the [Essex] Board's ability to conduct any [h]earing in this matter, let alone a fair one in the foreseeable future."

Further, the trial court stated the Township's assertion that the Essex Board's decision to transfer the appeal was "unrelated to or not prompted by the disqualifying conflict of two of its [m]embers" is "contrary to the record and the Board's explicit findings and the reality of the circumstances that are now extant." The Board has valid discretion and a duty, the court stated, based on

9

its "statutory function, as a [q]uasi-[j]udicial body, and its concomitant obligation to ensure public confidence of its decision making."

In its February 19, 2020 order, the court denied the Township's request for relief and affirmed the Essex Board's transfer of Carant's appeal to another county construction board of appeals. The court held that the decision to transfer the appeal was within the Essex Board's discretion and entered an order on April 21, 2020, finalizing the February 19, 2020 order. This appeal followed.

When construing a law, we utilize the de novo standard of review and do not accord any special deference to the trial court's interpretation of law. Manalapan Realty, L.P. v. Twp. Comm. of Twp. of Manalapan, 140 N.J. 366, 378 (1995) ("A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.").

We agree with the Township that Carant's appeal should have been heard in the Law Division rather than transferred. Based on our review of the relevant sections of the administrative code, we conclude the regulatory scheme codified in N.J.A.C. 5:23A-2.1 to -2.4 does not authorize the county construction boards of appeals to transfer a pending appeal to another county due to a lack of quorum.

N.J.A.C. 5:23A-2.2(c) provides:

> [W]hen there are not five regular and/or alternate members present to consider an appeal . . . either party shall be entitled to have the hearing adjourned. If neither party requests an adjournment, the case may be heard by the board if a quorum is present.

By using the mandatory "shall" and permissive "may" in N.J.A.C. 5:23A-2.2(c), the Legislature provided the exclusive remedies for when a county construction board has fewer than five board members to hear an appeal. Such remedies are limited to: (i) a mandatory adjournment or (ii) a continuation of the hearing before the construction board, provided neither party requested an adjournment and a quorum is present. The language of N.J.A.C. 5:23A-2.2(c) simply does not allow for the transfer of an appeal to another county construction board of appeals for this reason.

N.J.A.C. 5:23A-2.3(a), titled "Board decisions," clearly states:

> Except as otherwise provided in (b) below, the construction board of appeals shall hear any appeal, render a decision thereon, and file its decision with a statement of the reasons therefore with the enforcing agency or . . . with the municipality or approving authority or municipal utilities authority or sewerage authority, not later than [ten] business days following submission of the appeal.

Next, N.J.A.C. 5:23A-2.3(b) provides that with the consent of the applicant, "the period of time for the board to issue its decision may be extended beyond [ten] business days; provided, however, that in any case involving issues

11

affecting life safety in an occupied building, any such extension shall also require the consent of the local enforcing agency."  However, "[f]ailure by the board to hear an appeal and render and file a decision thereon within the time limits prescribed in this section shall be deemed to be a denial of the appeal." N.J.A.C. 5:23A-2.3(c).

After exhausting its administrative remedies by securing a denial from the Essex Board, Carant should have appealed the Township construction official's decision to the Law Division in an action in lieu of prerogative writs under Rule 4:69-6, rather than the Essex Board transferring the matter to yet another county construction board of appeals.

Reversed.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION